### SOPHIA MATHEWS v. CRIS MATHEWS.

DIVORCE—EVIDENCE.—In suits for divorce, the confessions of defendant are entitled to no weight whatever in determining upon the merits of plaintiff's case, and the decree of the court must be rendered upon full and satisfactory evidence, independent of the confession or admission of either party, and upon the verdict of a jury.

APPEAL from Fayette. Tried below before the Hon. I. B. McFarland.

*J. R. Burns*, for appellant.

REEVES, ASSOCIATE JUSTICE.—On the 2d January, 1872, appellant filed a petition in the District Court of Fayette county, praying to be divorced from her husband, Cris Mathews, alleging against him, as grounds for the divorce, personal abuse and ill treatment without cause or justification; that on or about the 1st of June, 1870, her husband accused her of adultery, and illegally and infamously beat and bruised her, throwing her down on the ground and striking her with his fist and kicking her with his feet until other persons forced him away, cursing her, and saying he would leave and never live with her again, &c.

The defendant accepted service, confessed the truth of the facts stated in the petition, and asked that judgment be rendered as prayed for in favor of plaintiff. On the trial the jury returned a verdict for plaintiff, and say in the verdict that they find that the allegations of abuse and desertion as set forth in the petition are true, and thereupon the court' entered a decree dissolving the bonds of matrimony between the parties. After the decree was rendered, the defendant appeared by attorney and moved the court to arrest the judgment for the following reasons:

1. That the allegations in plaintiff's petition in regard to a series of studied vexations and deliberate insults and provocations, were not sufficiently charged to entitle her to a divorce.

2. That the proof of plaintiff did not show that any series of studied vexations had ever been offered by defendant to plaintiff, as contemplated by law, to entitle the plaintiff to a divorce.

3. That the verdict of the jury was not in response to plaintiff's petition, because it stated that the allegations in regard to abuses and abandonment were true, when plaintiff did not allege or prove that defendant had abandoned her three years before filing this suit.

Giving the motion in arrest of judgment the effect of a general demurrer sustained to the petition, the question would be whether the petition disclosed a ground for the divorce.  Some of the allegations are vague and indefinite; and the alleged abandonment being for a shorter period than prescribed by the statute as a ground for divorce, it was insufficient.

There are, however, other averments of alleged facts which, if proved to the satisfaction of the court, would doubtless entitle the plaintiff to the relief sought by her petition.  The confession of the defendant was entitled to no weight whatever in deciding upon the merits of the plaintiff's case.  The decree of the court, as provided by the statute, " shall be rendered upon full and satisfactory evidence, independent of the confession or admission of either party, and upon the verdict of a jury affirming the material facts alleged in the petition."  The verdict of the jury is certainly not responsive to all the grounds of complaint set up in the petition, but is limited to the abuse and abandonment.  It may, however, be said that the abuse as complained of in the petition is the material fact, and may constitute a good cause for the action.  It is not intended to test the sufficiency of the motion for the arrest of judgment by the evidence, but these remarks are made to prevent any possible misapprehension in a future trial of the case, as the appeal will have to be dismissed for want of a final judgment.  The court sustained the defendant's motion to arrest the judgment, to which plaintiff excepted and gave notice of appeal; but no judgment was entered up against plaintiff dismissing or otherwise disposing of the case, nor did plaintiff ask leave to amend or seek to have another trial of the cause pursuant to the statute.  The statute provides: "When any judgment shall be arrested or set aside, the court shall allow the proceedings in which the error was to be amended in all cases where the same amendment might have been made before

trial, and the cause shall again proceed according to the practice of the court; but the party in whose proceedings the first error was committed shall pay the costs incurred thereby."

APPEAL DISMISSED.